Timothy W. Snider, OSB No. 034577
timothy.snider@stoel.com
Alexandra Choi Giza, OSB No. 214485
alexandra.giza@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

Susannah Torpey (*pro hac vice* forthcoming)
STorpey@winston.com
Rebecca Ou (*pro hac vice* forthcoming)
ROu@winston.com
Ye Eun Park (*pro hac vice* forthcoming)
YPark@winston.com
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.294.6700
Facsimile: 212.294.4700

*Attorneys for Plaintiff Empower Clinic Services, L.L.C.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| EMPOWER CLINIC SERVICES, L.L.C., | Case No. |
|---|---|
| *Plaintiff*, | **DECLARATION OF ARTA SHAUN NOORIAN IN SUPPORT OF EMPOWER CLINIC SERVICES, L.L.C.'S MOTION TO SEAL COMPLAINT, EXHIBITS, AND DECLARATION OF ARTA SHAUN NOORIAN** |
| v. | |
| LEGITSCRIPT L.L.C., | |
| *Defendant*. | |
| | **(REDACTED)** |

I, Arta Shaun Noorian, declare as follows:

1. I am the Founder, CEO, and Chairman of Empower Clinic Services, L.L.C. ("Empower"). I am over the age of eighteen and competent to testify in this matter. I make this declaration in support of Empower's Motion to Seal the Complaint in the above-captioned matter. I make this declaration based on my personal knowledge or belief.

2. On March 26, 2025, Empower filed the Complaint in the above-captioned matter against LegitScript L.L.C. ("LegitScript"). Certain paragraphs of, and exhibits attached to, the Complaint contain sensitive, confidential information that Empower included in its Complaint in support of its federal and state antitrust claims and common law torts claims against LegitScript.

3. The information contained in Paragraphs 203 and 204 of the Complaint contain highly-sensitive pricing information that Empower maintains as a trade secret.

4. The information contained in Paragraphs 95, 99, 101, and Exhibit 9 contain direct references to statements made by Empower's customers and shared with Empower.

5. The information contained in Paragraphs 108, 109, 110, 111, 113, and Exhibit 9 contain the names of Empower's customers presented in the context of the customers' business decisions with regards to conducting business with Empower.

6. Public disclosure of any of the information identified as confidential in the paragraphs above would put Empower at a competitive disadvantage and cause Empower to suffer competitive harm.

7. The information contained in Exhibits 9, 10, 11, and 12 contain personally identifying information, including email addresses, telephone numbers, and names, of individuals that are party and non-party to the case.

Page 1 - DECLARATION OF ARTA SHAUN NOORIAN IN SUPPORT OF EMPOWER CLINIC SERVICES, L.L.C.'S MOTION TO SEAL COMPLAINT, EXHIBITS, AND DECLARATION OF ARTA SHAUN NOORIAN

8. Public disclosure of the personally identifying information identified as confidential above would allow the public to use such information to identify and contact those individuals.

9. Empower maintains its pricing information as a trade secret. Empower does not disclose its pricing information with general members of the public; it does not publish its pricing information on its publicly-facing website, and nor is it available on any publicly-available catalogs. In the ordinary course of business, Empower only conveys or exchanges pricing information with entities or individuals with whom it has a business relationship. Empower's pricing information is only available upon request. When requested, the information is not automatically given, and Empower's provider pricing catalogs are password-protected. An employee with a supervisory role in the Sales Department must authorize the distribution of pricing information to the requesting individual or entity.

10. Empower treats pricing as confidential even within the organization itself. Empower maintains access control over its pricing catalogs, meaning that Empower has procedures and controls in place that limit access to critical information, including its pricing catalogs. Through access control, Empower grants and revokes privileges to specific employees on a per-user or per-group basis. Empower has these access control procedures in place in order to ensure that access to its pricing information remains on a need-to-know basis. Additionally, these procedures give Empower awareness of who has access to its sensitive pricing information at any given time.

11. In addition to access control, Empower's employees have a duty of confidentiality with regards to sensitive information learned and materials obtained in the course of their employment. At signing, employees are generally required to a sign a confidentiality agreement

Page 2 - DECLARATION OF ARTA SHAUN NOORIAN IN SUPPORT OF EMPOWER CLINIC SERVICES, L.L.C.'S MOTION TO SEAL COMPLAINT, EXHIBITS, AND DECLARATION OF ARTA SHAUN NOORIAN

as part of the onboarding process. In relevant part, this agreement states that the employee will not use, reproduce, disclose, or transmit confidential information, including pricing information and business-customer communications, to unauthorized personnel. The agreements also provide for recourse against the employee by Empower in case of breach. Empower requires its employees to sign confidentiality agreements in order to maximize the protection of trade secrets as well as for the purposes of protecting its business reputation.

12. Empower also protects against inadvertent disclosure of its pricing information to unauthorized recipients by including a password-protection layer for its provider pricing catalogs. Even if an unauthorized recipient were to receive a catalog containing provider pricing information electronically, they would not be able to access it without a password provided by Empower.

13. As a business strategy, Empower does not ███████████████ ███████████████████████████████████████. Based ███████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████ is not shared publicly. If Empower's ████████████████████████████████████████████████████ that would severely hamper Empower's ability to negotiate pricing with its customers. Moreover, Empower's competitors would be able to utilize this information to competitively disadvantage Empower by, for example, using the information to implement similar strategies or adapting their own pricing strategies in response to Empower's based on otherwise commercially sensitive information.



Page 3 - DECLARATION OF ARTA SHAUN NOORIAN IN SUPPORT OF EMPOWER CLINIC SERVICES, L.L.C.'S MOTION TO SEAL COMPLAINT, EXHIBITS, AND DECLARATION OF ARTA SHAUN NOORIAN

14. Empower's business relies on its ability to successfully maintain business relationships with healthcare providers (e.g., hospitals, clinics) who purchase Empower's compounded products. In order to maintain and develop these business relationships, Empower, in particular its sales team, communicates with customers and prospective customers on a daily basis. Empower's capacity to maintain and develop its business relationships depends on the sales teams' ability to engage in open and transparent discourse with its customers and potential customers, which requires a level of trust between the parties. Likewise, Empower's reputation as a trustworthy entity impacts its ability to successfully negotiate partnership deals with its customers and potential customers. To that end, Empower requires its employees to maintain a duty of confidentiality that extends to customer communications. The expectation is that employees will not publicly share any customer communications. If customers were to learn that Empower exposed its communications to the public, its reputation would be harmed, and customers would lose trust in Empower's ability to keep their information confidential. This would greatly hamper Empower's negotiations and business relations with customers and potential customers.

15. Empower also does not publicly share or list the names of its customers. Empower treats this information as confidential, both for its own strategic purposes and for the benefit of its customers. Sharing this information has the effect of exposing Empower's business strategy with its competitors. Empower keeps the names of its customers, including potential customers, secret from its competitors because it does not want competitors to know which customers its business strategy is targeting.

16. Empower also keeps communications with its customers confidential. If Empower's communications with its customers were made public, Empower would lose customer

Page 4 - DECLARATION OF ARTA SHAUN NOORIAN IN SUPPORT OF EMPOWER CLINIC SERVICES, L.L.C.'S MOTION TO SEAL COMPLAINT, EXHIBITS, AND DECLARATION OF ARTA SHAUN NOORIAN

goodwill and its ability to do business with that customer would be damaged going forward. The confidential customer communications quoted and described in the Complaint are particularly sensitive because LegitScript has threatened to revoke the certification of customers that do business with Empower. Consequently, customers would have legitimate concerns about retaliation and the impact on their own business if their communications with Empower regarding LegitScript were made public.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 24, 2025 at Houston, Texas.

*/s/ Arta Shaun Noorian*
Arta Shaun Noorian