IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMPOWER CLINIC SERVICES, L.L.C.,

      Plaintiff,

v.

LEGITSCRIPT L.L.C.,

      Defendant.

Case No. 3:25-cv-00514-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

This matter comes before the Court on Plaintiff Empower Clinic Services, L.L.C.'s motion to seal the unredacted version of its Complaint ("Mot.", ECF 3). For the reasons discussed below, the Court GRANTS Plaintiff's Motion in part and DENYS it in part with leave to renew.

**I.     BACKGROUND**

Plaintiff Empower Clinic Services, L.L.C. is a compounding pharmacy that serves patients with specialized pharmaceutical needs. Compl. (ECF 1) ¶ 1. Defendant LegitScript, L.L.C. is a "for-profit, privately managed verification and monitoring service for online and other pharmacies." *Id.* ¶ 18. Empower alleges that LegitScript's network of certified pharmacies is anticompetitive in a variety of ways, including because it has caused customers to boycott Empower because it is not certified by LegitScript. *Id.* ¶ 6. Empower alleges that it sells glucagon-like peptide 1 receptor agonists ("GLP-1") medications at a lower cost than the pharmacies in LegitScript's network, so LegitScript's actions not only harm competition but also cause customers to pay higher prices.

1 - OPINION AND ORDER

On March 26, 2025, Plaintiff initiated this lawsuit by filing a redacted Complaint ("Compl.", ECF 1) and a motion to seal the unredacted Complaint (Mot., ECF 3). Specifically, Plaintiff seeks to redact portions of paragraphs 95, 99, 101, 108-111, 113, 203–204, Exhibits 9–12 attached to the Complaint, and paragraph 13 of Arta Shaun Noorian's Declaration in support of the Motion to Seal ("Noorian Decl.", ECF 4). Mot. (ECF 3) at 1. Defendant has not yet appeared in this case.

## II.   LEGAL STANDARD

There is a presumption of public access to judicial records to keep federal courts accountable and to support the public's "'confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo,* 71 F.3d 1044, 1048 (9th Cir. 1995)). Typically, a party moving to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). There is an exception to the presumption in favor of public access: "sealed materials attached to a discovery motion unrelated to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1097. The record Plaintiff seeks to redact here—the complaint—does not qualify for this exception because it is the "foundation of a lawsuit." *See, e.g., Align Tech., Inc. v. SmileDirectClub, LLC*, No. 23-cv-00023-EMC, 2023 WL 1931849, at *1 (N.D. Cal. Feb. 9, 2023) (collecting cases).

A trial court can find compelling reasons to seal a court record that "might be used 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at 1101 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)). The "release [of] trade secrets" can also be a compelling reason to seal court records. *Kamakana*, 447 F.3d at 1179. To conclude a document should be sealed, a court must articulate "the factual

basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096-97. A trade secret for purposes of a motion to seal "'may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (quoting Restatement (First) of Torts § 757, cmt b.) (recognizing that "the Ninth Circuit has adopted the Restatement's Definition of 'trade secret'").

### III. DISCUSSION

#### A. Complaint Paragraphs 95, 99, 101

Plaintiff seeks to redact portions of paragraphs in the Complaint that contain direct quotes from email communications with unnamed customers, along with the dates of those communications. Plaintiff seems to acknowledge that these quotes do not qualify as trade secrets, and instead argues that disclosure will violate Plaintiff's internal communication policies, harm customer goodwill, and lead to loss of business. Mot. (ECF 3) at 7-8. Plaintiff argues that these "competitive harms" justify sealing. *Id.*

The Court disagrees and finds compelling reasons do not exist to redact Paragraphs 95, 99, and 101 for three primary reasons. First, Plaintiff's argument that disclosure of these anonymous quotations will lead to competitive harm relies on "hypothesis or conjecture" and does not supply the Court with any factual basis to conclude that there are compelling reasons to redact them. *See Ctr. for Auto Safety*, 809 F.3d at 1096-97. Second, Plaintiff's cases do not help them. Plaintiff relies on the out-of-circuit district court case *Hilb Grp. of Maryland, LLC v. Smith*, No. 4:23-cv-01978, 2024 WL 2216851 (M.D. Pa. May 15, 2024) to argue that loss of business justifies sealing, but that case discussed business loss as irreparable harm in the entirely different context of a

3 - OPINION AND ORDER

temporary injunction. Mot. (ECF 3) at 7-8. Plaintiff's other case— *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, No. 3:18-cv-02109-BEN-LL, 2021 WL 1821376 (S.D. Cal. Mar. 15, 2021)—also establishes that non-trade secret business information that could harm a litigant's competitive standing is limited to non-public financial or business strategy information. *Id.* at *2 (collecting cases). Third, Plaintiff chose to draft its allegations in a way that apparently violates its own internal communications policy. *See* Mot. (ECF 3) at 7-8. Plaintiff's internal policies are not a factor for the Court to consider here. Plaintiff presumably could have described the communications instead of using direct quotations and dates.

Accordingly, the Court DENIES the Motion to seal with respect to Paragraphs 95, 99, and 101 but grants Plaintiff leave to renew its motion related to these paragraphs or to file an amended complaint that does not quote the relevant emails.

### B. Complaint Paragraphs 108-111, 113, 203–204, Exhibit 9, and Paragraph 13 of the Noorian Declaration

Plaintiff seeks to partially redact these portions of the Complaint and the Noorian Declaration because they contain customer names, customer emails, Plaintiff's proprietary pricing strategy, and how Plaintiff's pricing compares to its competitors. The Court agrees that compelling reasons exist to redact this information because it is "business information that might harm a litigant's competitive standing." *Ctr. for Auto* Safety, 809 F.3d at 1101. The disclosure of customer names and Plaintiff's pricing strategy for the extremely popular GLP-1 drug could give Plaintiff's competitors an advantage in contract negotiations and in turn disadvantage Plaintiff relative to its current position in the market. *See Apple Inc.*, 727 F.3d at 1225.

The Court GRANTS the Motion to seal with respect to Complaint Paragraphs 108-111, 113, 203-204, Exhibit 9, and Paragraph 13 of the Noorian Declaration.

### C. Exhibits 10–12

Plaintiff argues the information in Exhibits 9–12 should be redacted because these exhibits "include email addresses, telephone numbers, and names of individuals, which could be used to identify or contact these individuals." Mot. (ECF 3) at 10. As to Exhibit 9, the Court has already determined compelling reasons exist to seal it for the reasons discussed in Section III.B. With respect to Exhibit 10, Plaintiff seeks only to redact the name of one of its vice presidents, and in Exhibit 11, Plaintiff seeks only to redact its general counsel's name. In Exhibit 12, Plaintiff seeks to redact names of both Plaintiff's and Defendant's employees along with the email address, office telephone number, and mobile telephone number of one of Plaintiff's employees.

The Ninth Circuit has affirmed the redaction of sensitive personal information that could expose individuals or their families to "harm or identify theft," such as home addresses and social security numbers. *Kamakana*, 447 F.3d at 1184. Plaintiff has not cited any binding or persuasive authority to support that a name standing alone categorically qualifies as sensitive personal information that meets the compelling reasons standard. Plaintiff has also not provided any factual basis to argue that disclosure of an employee's name alone will lead to "harm or identify theft," particularly where these employees' job titles are unredacted in the same document. *See* Mot. (ECF 3) Exs. 10-11. The Court similarly finds that Plaintiff has not met its burden to show compelling reasons exist to redact the employee email addresses in Exhibit 12. However, the Court does find compelling reasons exist to redact the phone numbers in Exhibit 12 because when combined with the employee's name, that information could constitute sensitive personal information that could potentially expose the employee to identity theft. *See Kamakana*, 447 F.3d at 1184.

5 - OPINION AND ORDER

Accordingly, the Court GRANTS Plaintiff's Motion with respect to the employee work and personal phone numbers in Exhibit 12 only, and DENIES the Motion with respect to Exhibit 12 otherwise. The Court also DENIES the motion with respect to Exhibits 10 and 11, but grants Plaintiff leave to renew the motion or file an amended complaint without this information.

### IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion to seal the Complaint (ECF 3) is GRANTED with respect to Paragraphs 108–111, 113, 203, and 204, Exhibit 9, the phone numbers in Exhibit 12, and Paragraph 13 of the Noorian Declaration, and DENIED with leave to file a renewed motion with respect to Paragraphs 95, 99, 101, and Exhibits 10–12.

No later than April 28, 2025, Plaintiff may file a renewed motion to seal any information for which compelling reasons exist, or it may file an amended version of its Complaint without the unsealed information. If Plaintiff does not file a renewed motion, then Plaintiff must REFILE its Complaint (ECF 1) in compliance with the directives below, no later than May 5, 2025:

1. File Paragraphs 95, 99 and 101 of the Complaint in their entirety without redaction.

2. Publicly file Exhibits 10–11 in their in their entirety without redaction.

3. Publicly file Exhibit 12 with redactions only applied to the employee phone numbers, and the rest of Exhibit 12 without redaction.

IT IS SO ORDERED.

DATED this  11th  day of April 2025.

AMY M. BAGGIO
United States District Judge

6 - OPINION AND ORDER